■ LAWRENCE S. KRYGER, as President, on Behalf of the Community School Board No. 26, Borough of Queens, Respondent, v. BOARD OF EDUCATION OF THE NEW YORK SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Appellants.— In an action for injunctive relief and a declaration *inter alia* that a certain order of defendant Acting Chancellor superseding a resolution of Community School Board No. 26 is without authority, illegal and void and violative of Federal and State laws and Constitutions, defendants appeal from (1) a judgment of the Supreme Court, Queens County, dated October 26, 1970, which, *inter alia,* denied defendants' motion for summary judgment, granted summary judgment to plaintiff, declared defendant Chancellor's said order null and void, and permanently enjoined defendants from taking any steps to implement or enforce said order; and (2) an order of the same court, dated October 19, 1970, which denied defendants' prior motion to dismiss the complaint. Judgment reversed, on the law, without costs; plaintiff's cross application for summary judgment denied; defendants' motion for summary judgment granted; and it is adjudged that Community School Board No. 26 was without the power and authority to pass the resolution in question and that defendant Chancellor was acting within his power and authority in ordering supersession of said resolution. Appeal from the order of October 19, 1970 dismissed as moot, without costs. On August 17, 1970, Community School Board No. 26 passed a resolution enabling the parents of students who completed the sixth grade in June, 1970 at P. S. 18 and P. S. 188 to exercise the option of having their children attend either J. H. S. 158 or J. H. S. 109. These students have been previously zoned to J. H. S. 109. P. S. 18, P. S. 188, and J. H. S. 158 are located in District 26. J. H. S. 109 is located in District 29. The use of P. S. 18 and P. S. 188 as feeder schools for J. H. S. 109 has been in effect since these schools were built in the 1950's and was for the purpose of promoting integration at J. H. S. 109. By letter of Irving Anker, Acting Chancellor, dated August 25, 1970, the Board of Education issued an order to " cease improper conduct " and superseded the Community School Board with respect to the assignment of pupils graduating from P. S. 18 and P. S. 188. The order was based upon the ground that the Community School Board's conduct would contribute to making J. H. S. 109 a segregated school. Plaintiff's main contention on his cross application for summary judgment was that the order was in violation of subdivision 2 of section 3201 of the Education Law. However, this statute has been declared unconstitutional (*Lee* v. *Nyquist*, 318 F. Supp. 710, affd. 402 U. S. 935). Plaintiff also claims that District 26 had the power to pass the resolution in question by virtue of section 2590-e of the Education Law. However, the powers conferred upon community boards by this statute are limited to those " not inconsistent with * * * the policies established by the city board ". The policy of using P. S. 18 and P. S. 188 as feeder schools for J. H. S. 109 in an effort to promote integration had been established long before the effective date of section 2590-e of the Education Law in 1969. Clearly then, the enactment of the resolution, being inconsistent with an established policy of the City Board

of Education, was outside the powers conferred upon District 26. Plaintiff's argument that the order of the City Board of Education was an unlawful rezoning is without merit. The order merely enforced an existing scheme and halted an abuse of power by the Community School Board. Furthermore, District 29 has as much interest in the established feeder pattern as does District 26. Section 2590-e of the Education Law, limits the powers of the Community School Board to those matters relating to its district. It is inconceivable that the Legislature intended that one Community School Board could unilaterally make a determination which would materially affect another Community School District. The resolution of matters crossing Community School District lines must necessarily be left to the Chancellor of the City Board of Education (see Education Law, § 2590-l). Rabin, P. J., Hopkins, Christ, Brennan and Benjamin, JJ., concur.